IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD COWANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 19-cv-08168 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| EQUIFAX INFORMATION SERVICES, LLC, ) et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This lawsuit concerns Plaintiff Edward Cowans's credit card debt owed to Credit One Bank, N.A. ("Debt"). When LVNV Funding, LLC ("LVNV") sought to collect on the Debt, Cowans challenged LVNV's ownership. LVNV investigated Cowans's grievance but determined that its right to collect the Debt was legitimate. Cowans then contacted Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, LLC ("Experian"), and Trans Union, LLC ("Trans Union")—all consumer reporting agencies ("CRAs")—to dispute the Debt's appearance on his credit reports. Cowans never heard back from the CRAs. Cowans subsequently sued Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Experian moved to dismiss Cowans's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that he failed to allege an inaccuracy on his credit report that it was required to investigate and correct. (Dkt. No. 28.) Trans Union and Equifax initially answered Cowans's Complaint (*see* Dkt. Nos. 11, 21), before joining Experian's motion to dismiss. (*See* Dkt. Nos. 31, 32, 33.) The Court therefore treats their joinders as motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) ("Rule 12(c) permits a party to move for judgment

after the complaint and answer have been filed by the parties."). Cowans has since dismissed his claims against Experian (Dkt. No. 53); thus, only Trans Union and Equifax remain as movants. (The Court refers to Trans Union and Equifax, collectively, as "Defendant CRAs.") For the reasons given below, their motions are granted.

## BACKGROUND

For purposes of Defendant CRAs' Rule 12(c) motions, the Court accepts all well-pleaded facts in Cowans's Complaint as true and views them in the light most favorable to him as the nonmoving party. *Buchanan-Moore*, 570 F.3d at 827.

As alleged in the Complaint, Cowans incurred the Debt for purchases made on a consumer credit card issued by Credit One Bank. (Compl. ¶ 10, Dkt. No. 1.) LVNV, which operates a nationwide delinquent debt collection business, subsequently undertook to collect the Debt from Cowans. (*Id.* ¶¶ 11–12.) According to Cowans, however, LVNV did not own the Debt and thus had no right to collect on it. (*Id.* ¶ 13.) On June 24, 2019, Cowans's counsel sent a letter to LVNV claiming that its reporting of his Debt to the major credit bureaus was inaccurate. (*Id.* ¶ 14.) LVNV did not respond, continued to report the Debt as its own, and failed to report that the Debt was disputed. (*Id.* ¶¶ 15–16.) On September 12, 2019, Cowans wrote to LVNV again, demanding proof that it owned the Debt. (*Id.* ¶ 17.) LVNV responded that it had investigated Cowans's concerns and verified the Debt. (*Id.* ¶ 18.) LVNV also sent Cowans a summary of the records that it claimed demonstrated its ownership of the Debt, but Cowans found the summary unsatisfactory. (*Id.* ¶¶ 18–21.)

After Cowans unsuccessfully attempted to persuade LVNV that it had no legitimate claim to the Debt, he wrote to Equifax, Experian, and Trans Union on October 22, 2019, concerning their reporting of the Debt. (*Id.* ¶ 25.) The CRAs never replied and the Debt continued to appear

on Cowans's credit reports. (*Id.* ¶¶ 28–29.) Cowans alleges that in reviewing the matter, Defendant CRAs improperly relied exclusively on the information they received from LVNV concerning his Debt. (*Id.* ¶¶ 74–75, 103–04.)

Cowans has now sued Defendant CRAs under §§ 1681e(b) and 1681i(a) of the FCRA for inaccurate reporting and failing to conduct a proper reinvestigation, respectively. Defendant CRAs move for judgment on the pleadings in their favor on the ground that Cowans failed to allege that his credit reports contained a factual inaccuracy.

## DISCUSSION

In reviewing a Rule 12(c) motion for judgment on the pleadings, the Court views the facts in the light most favorable to the nonmoving party and enters judgment in the movant's favor "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Buchanan-Moore*, 570 F.3d at 827 (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)).

The FCRA requires CRAs to prepare consumer credit reports with "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). When a consumer disputes his report, CRAs must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate" or delete the disputed items from the report. *Id.* § 1681i(a)(1)(A). As a threshold matter, under both §§ 1681e and 1681i of the FCRA, the plaintiff must show that the defendant issued a report containing inaccurate information. *Denan v. Trans Union LLC*, 959 F.3d 290, 294, 296 (7th Cir. 2020).

In analyzing FCRA claims against CRAs, the Seventh Circuit distinguishes between allegations that credit reports contain *factual* inaccuracies, against which the FCRA protects, and

3

allegations of *legal* inaccuracies, which are better handled in suits between the creditor and debtor. *Id.* at 294–95. For instance, in *Denan*, the plaintiffs sued a CRA under §§ 1681e(b) and 1681i(a) of the FCRA for reporting that they owed a debt for payday loans, which the plaintiffs contended were void *ab initio* under state usury laws. *Id.* at 293. The Seventh Circuit affirmed the district court's entry of judgment on the pleadings in favor of the defendant CRA, finding that the alleged inaccuracies were legal rather than factual. *Id.* at 296. Specifically, the Seventh Circuit noted that the question of whether the plaintiffs' loans were valid raised numerous legal issues, including whether the choice-of-law provisions in the relevant loan agreements were enforceable, whether state laws rendered the loans void, and whether tribal sovereignty shielded the lenders from the requirements of those state laws. *Id.* at 295. The Seventh Circuit concluded that "[t]he power to resolve these legal issues exceeds the competencies of consumer reporting agencies." *Id.* In contrast to the legal questions raised in *Denan*, "[f]actually inaccurate information includes inaccurate amounts, tradeline items not immediately removed once vacated, and inaccurately updated loan terms." *Rodas v. Experian Info. Sols., Inc.*, No. 19 C 7706, 2020 WL 4226669, at *2 (N.D. Ill. July 23, 2020), *appeal docketed sub nom. Rodas v. TransUnion Data Sols. LLC*, No. 20-2392 (7th Cir. July 28, 2020).

In this case, Cowans claims that Defendant CRAs falsely reported that the Debt was in collections with LVNV even though LVNV was not the Debt's rightful owner. Several courts in this District have recently decided that the question of whether a specific entity owns a certain debt presents, at least in part, a legal issue extending beyond the obligation of CRAs to investigate. *See, e.g.*, *Soyinka v. Equifax Info. Servs., LLC,* 20 C 1773, 2020 WL 5530133, at *5 (N.D. Ill. Sept. 15, 2020) (granting the defendant CRA's Rule 12(b)(6) motion because the plaintiff's alleged reporting error as to who owned her debt went beyond the CRA's obligation "to

4

investigate and resolve straightforward disputes, such as the contents of a document, the existence and easily ascertained meaning of court orders, or some other truly objective matter"), *appeal docketed*, No. 20-3000 (7th Cir. Oct. 16, 2020); *Hoyos v. Experian Info. Sols., Inc.*, No. 20 C 408, 2020 WL 4748142, at *3 (N.D. Ill. Aug. 17, 2020) (granting the defendant CRAs' motions to dismiss pursuant to Rules 12(b)(6) and 12(c) where the plaintiff alleged that the CRAs inaccurately reported the ownership of his debt), *appeal docketed sub nom. Hoyos v. Equifax Info. Servs.,* No. 20-2776 (7th Cir. Sept. 16, 2020); *Rodas*, 2020 WL 4226669, at *2 (granting the defendant CRA's Rule 12(c) motion for judgment on the pleadings on the same grounds); *Chuluunbat v. Cavalry Portfolio Servs., LLC*, 20 C 164, 2020 WL 4208106, at *3 (N.D. Ill. July 22, 2020) (granting the defendant CRAs' Rule 12(b)(6) motion because the alleged inaccuracy of whether a certain entity owned the plaintiff's debt was "so closely intertwined with legal questions" that it was outside the competencies of the CRAs), *appeal docketed*, No. 20-2373 (7th Cir. July 27, 2020).

     In support of his claims against Defendant CRAs, Cowans points to *In re Meyer*, in which the Seventh Circuit states that "[t]he question of ownership is a pure question of fact." 1998 WL 538160, at *4 (7th Cir. Aug. 21, 1998) (unpublished opinion). But the context of the *In re Meyer* decision is distinguishable from the facts presented here. That was a breach of contract case concerning whether a stock purchase agreement ultimately transferred ownership over a corporation. *Id. In re Meyer* did not arise under the FCRA and the Court does not find it helpful in determining the sufficiency of Cowans's allegations here. *See Chuluunbat*, 2020 WL 4208106, at *3 ("*In [r]e Meyer* involved ownership of a corporation, not a debt, and the FCRA was not implicated in that case as it involved a tax avoidance scheme that went askew."). Additionally, *In re Meyer* is an unpublished Seventh Circuit opinion issued before January 1, 2007, and thus

cannot serve as precedent for this Court. 7th Cir. R. 32.1(b), (d); *see also Hoyos*, 2020 WL 4748142, at *2 (distinguishing *In re Meyer* on these grounds).

Cowans also relies on several FCRA cases decided outside of this Circuit. *See Campbell v. Experian Info. Sols., Inc.*, No. 08-4217-CV-C-NKL, 2009 WL 3834125 (W.D. Mo. Nov. 13, 2009); *Murphy v. Midland Credit Mgmt.*, 456 F. Supp. 2d 1082 (E.D. Mo. 2006). In *Campbell*, the court denied in part the defendant CRA's motion for summary judgment where the plaintiff claimed that it falsely reported that a particular debt was associated with her Social Security number, but it had actually mixed up her file with another person's file. 2009 WL 3834125, at *1. The alleged error in *Campbell* is just the kind of factual inaccuracy that the FCRA requires CRAs to correct and does not aid Cowans's cause here. The facts presented in *Murphy* are closer to those alleged by Cowans: the plaintiff was suing several CRAs for falsely reporting that she owed a debt when her late husband had opened the account jointly under her name without her knowledge. 456 F. Supp. 2d at 1086. The court denied in part the CRAs' motion for summary judgment, concluding that the plaintiff had submitted sufficient proof of a "***factual*** deficiency." *Id.* at 1089 (quoting *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991)). But the *Murphy* decision is inconsistent with the Seventh Circuit's interpretation of the FCRA, which does not require CRAs to delve into a debtor's legal defenses against his creditor. *See Denan*, 959 F.3d at 296. This Court finds the recent decisions in *Soyinka*, *Hoyos*, *Rodas*, and *Chuluunbat*, which apply the law of this Circuit, more persuasive.

In short, Cowans's allegation that LVNV does not own his Debt raises certain legal questions—such as whether Credit One Bank made a valid assignment of the Debt to LVNV— that the FCRA does not require Defendant CRAs to resolve. Because Cowans's Complaint

6

ultimately alleges that Defendant CRAs included a legal inaccuracy in his credit reports rather than a factual inaccuracy, the motions for judgment on the pleadings are granted.

## CONCLUSION

For the reasons stated above, the Court grants Defendant CRAs' motions pursuant to Rule 12(c). (Dkt. No. 28.) The Clerk of Court is directed to enter judgment on the pleadings in favor of Defendants Trans Union and Equifax.

ENTERED:

Dated: November 30, 2020

_____
Andrea R. Wood
United States District Judge